(No. 77-CC-2449 )

JAMES JONES and DANIEL HARRY, Claimants, *v.* STATE OF ILLINOIS, Respondent.

*Order filed June 8, 1978.*

HOLDERMAN, J.

This matter comes before the Court on a motion of Respondent to dismiss and Claimants' objections to said motion.

The complaint in this matter complains of alleged negligent actions on the part of Mauro Nicoletti, individually and as agent, servant and employee of the Illinois State Toll Highway Authority. Respondent's motion cites Ill. Rev. Stat. Ch. 121, para. 100-31, as amended by P.A. 79-1366, Section 45, eff. October 1, 1976, which provided in part:

"The State of Illinos hereby consents to suits against the Authority solely as in this section provided:
(a) . . .
(b) Any person or persons may bring a civil action to recover damages for injury to his person or property caused by any act of the Authority or by any act of any of its officers, agents, or employees done under its direction."

The motion to dismiss also takes the position that the State of Illinois, through the legislature, having provided a remedy for the type of injuries complained of in the instant claim by way of a civil action against the Illinois State Toll Highway Authority, the legal inference must be indulged in that the Claimants

herein must pursue this remedy through a civil action brought in a competent Circuit Court as distinguished from the filing of a claim in the Court of Claims of Illinois.

Claimants, in their objection to Respondent's motion, deny that Ill. Rev. Stat., Ch. 121, para. 100-31, has exclusive jurisdiction in the Circuit Courts of Illinois in actions where damages are sought from the Illinois State Tollway Authority or any of its officers, agents or employees, and state that said section does not expressly state that the Circuit Court shall have exclusive jurisdiction in such actions.

If the theory of Claimants is correct, then the legislature has provided an additional remedy to people who are injured by acts of employees of the Illinois State Tollway Authority as against all other Claimants who have been injured by acts of other employees of the State of Illinois. This would result in giving a favored position as far as recovery from the State to those injured by acts of employees of the Illinois State Tollway Authority by giving them a double remedy, one against the State in the Court of Claims and another in the Circuit Courts of the State of Illinois.

It appears to the Court that it was the State's intention to give individuals injured on the Illinois State Tollway Authority a choice of remedies — not an additional remedy.

The Court therefore holds that Respondent's motion to dismiss is proper.

Motion to dismiss is hereby granted and said cause is dismissed.